IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY DON GILLASPIE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-420-D-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Zachary Don Gillaspie, who appears to be a former Texas prisoner based on his current mailing address, filed a *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus collaterally attacking his Johnson County convictions for theft from an elder and for tampering with evidence. *See* Dkt. No. 2; *State v. Gillaspie*, No. F46910 (413th Crim. Dist. Ct., Johnson Cty., Tex.).

Senior United States District Judge Sidney A. Fitzwater referred Gillaspie's Section 2254 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

First, it appears that the Court lacks jurisdiction over Gillaspie's petition because he is no longer "in custody" under the state convictions now being challenged.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). This

jurisdictional requirement "can be satisfied by certain non-criminal judgments, including civil commitment orders." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)). And a petitioner need not be physically confined to be "in custody" for the purpose of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration.").

That said, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

But, even if Gillaspie is now "in custody" under the convictions being challenged, his current petition is successive, so the district court still lacks jurisdiction. And, considering Gillaspie's prior successive federal-habeas challenge to these convictions, the Court should dismiss the current application without prejudice.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C.

§ 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
>
> ...
>
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Gillaspie previously exercised his "one fair opportunity to seek federal habeas relief from [these] conviction[s]," *Banister*, 140 S. Ct. at 1702; *see Gillaspie v. Mackey*, No. 3:16-cv-2833-B-BH, 2017 WL 3773639 (N.D. Tex. Aug. 7, 2017), *rec. accepted*, 2017 WL 3726816 (N.D. Tex. Aug. 30, 2017), and his current claims allege defects in the convictions that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Gillaspie when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Gillaspie therefore presents claims that are successive. And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See, e.g., Leal*

*Garcia,* 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, because another judge of this Court previously transferred a construed successive habeas petition challenging these convictions to the Fifth Circuit, *see Gillaspie v. Ward*, No. 3:16-cv-2765-G-BH, 2019 WL 3431608 (N.D. Tex. July 2, 2019), *rec. accepted*, 2019 WL 3428997 (N.D. Tex. July 29, 2019), "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

**Recommendation**

The Court should dismiss the *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 1, 2023

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE